JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-5986 PA (PJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | Gloria Lou v. JP Morgan Chase Bank, NA, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| R. Neal for Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Notice of Removal filed by defendants JPMorgan Chase Bank, N.A. and Federal National Mortgage Association (collectively "Defendants") on July 31, 2014. Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Gloria Lou ("Plaintiff") on the basis of diversity. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In cases where the complaint does not specify the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th. Cir. 1996).

Defendants assert in the Notice of Removal that "Plaintiff's Complaint pleads an amount in controversy exceeding $75,000." (Notice of Removal ¶ 6.) According to Defendants, the Complaint alleges a violation of California Civil Code section 1942.4, which entitles a prevailing party to recover reasonable attorney's fees and costs. (Id. (quoting Cal. Civ. Code § 1942.4(b)(2))). Defendants conclude that the amount in controversy requirement has therefore been met because "an award of costs and attorney's fees must be included in the amount in controversy for the purposes of 28 U.S.C. § 1332(b)." (Id.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-5986 PA (PJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | Gloria Lou v. JP Morgan Chase Bank, NA, et al. | | |

  Defendants, however, are incorrect. The Complaint in this case does not specify a particular amount of damages. Thus, Defendants must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See Sanchez, 102 F.3d at 404.

  Here, Defendants have failed to meet their burden. Defendants' statements are conclusory and speculative. See Phily v. Chase Corp., CV 12-01106-RGK (AJWx), 2012 U.S. Dist. LEXIS 27996, at *2-3 (C.D. Cal. Mar. 1, 2012). Merely reiterating the claims and requested remedies listed in the Complaint does not show that it is more likely than not that the amount in controversy exceeds $75,000. See Rich v. Best Buy Stores, L.P., No. 2:12-cv-06066-ODW (FFMx), 2012 WL 3867353, at *3 (C.D. Cal. Sept. 6, 2012). To overcome the "strong presumption" against removal, Defendants must provide "underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." See Gaus, 980 F.2d at 567. The Notice of Removal, however, is devoid of any factual allegations regarding the amount in controversy. Accordingly, Defendants have failed to establish by a preponderance of the evidence that the amount in controversy requirement has been satisfied. See Sanchez, 102 F.3d at 404; Phily, 2012 U.S. Dist. LEXIS 27996, at *2-3.

  For the reasons stated above, Defendants have not met their burden to establish this Court's diversity jurisdiction. The Court therefore remands this action to Los Angeles Superior Court, Case No. BC547823, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). The scheduling conference scheduled for September 29, 2014 is vacated.

  IT IS SO ORDERED.